(113 App. Div. 371)

CARLSON v. UNITED ENGINEERING & CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. May 4, 1906.)

1. MASTER AND SERVANT—SERVANT'S INJURIES—PERSONS ENGAGED IN SUPER-INTENDENCE.

The mere fact that a master employed a general superintendent did not relieve him from responsibility, under the employers' liability act, for the negligence of a foreman who was at the time in charge of the work.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 427.]

2. SAME.

Where an engine had been stopped for some time for repairs and adjustment, under the charge of a foreman, his act in directing the engine to be started after the completion of the repairs was one of superintendence.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 177.]

3. SAME—SAFE PLACE—CARE REQUIRED.

It was the duty of a foreman who had been superintending repairs of an engine, before he directed it to be started, to exercise reasonable care to see that workmen engaged in the work of repair or adjustment were in places of safety.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 450.]

4. SAME—QUESTION FOR JURY.

In an action for injuries to a servant, held that the question of contributory negligence was one for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1089–1132.]

Appeal from Trial Term, Queens County.

Action by Charles Carlson against the United Engineering & Contracting Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

John C. Robinson, for appellant.
Charles J. Carroll, for respondent.

JENKS, J. This action for negligence is brought under the employers' liability act. The defendant used a stationary engine for hoisting in construction work. It was stopped for adjustment of a wire rope running over the drums. The plaintiff, while engaged in that work, placed his foot in a place dangerous if the machinery were moving. When he was in such position, the engine was started, and his foot was severely injured. The theory of the plaintiff is that defendant was negligent because its employé Sapp gave the order to start the engine without warning, and before he saw that the plaintiff was in a place of safety. The evidence justified a finding that Sapp gave the order to start the engine when the plaintiff was about the repairs and without taking any precautions to see whether the plaintiff, then engaged in that work, was out of peril. It also justified the finding that Sapp was a superintendent within the purview of the said act. There is testimony

that he was the foreman; that he employed the plaintiff; that there were several gangs of men with foreman, but that Sapp was the foreman of them all, and Sapp himself testifies that he was foreman, and as such his duties were "to rig the carpenter work and everything that was done around the work"; and that he took this particular work in hand. The engineer also testifies that the superintendent was not there taking charge of that particular work that day. He had Mr. Sapp do that. The mere fact that there was a general superintendent "did not relieve the defendant from responsibility" for the acts of Sapp. See McBride v. N. Y. Tunnel Co., 101 App. Div. 448, 450, 453, 92 N. Y. Supp. 282. I think that the act of Sapp in directing the engineer to start the engine was one of superintendence. As foreman he took personal charge of the repair and adjustment of this machinery, and gave orders and directions to that end. The direction to start the engine after the stop of two hours for the repairs and adjustment under his charge was not like unto a direction for that purpose given in the course of its ordinary intermittent working, a mere detail of the work, but rather a direction in the course of his superintendence of its adjustment and repair. It was his duty, in the course of such superintendence, before he directed that the engine should be started, to exercise reasonable care to see that the workmen engaged in the labor of repair or adjustment were in places of safety. McHugh v. Manhattan Ry. Co., 179 N. Y. 378, 72 N. E. 312; McBride v. N. Y. Tunnel Co., supra.

The question of contributory negligence was for the jury. There is testimony that, in order to do a part of the work ordered, the plaintiff was compelled to stand in the place where he was injured. There is no evidence that the place was dangerous when the engine was not running. And the engine had been stopped in order that this work of the plaintiff and others might be done in safety. I see no reason why the extra allowance should not be granted in this case.

I advise affirmance of the judgment and order, with costs. All concur; HIRSCHBERG, P. J., in result.